**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2507-15T2

KIMBERLY GREEN,

    Appellant,

v.

NEW JERSEY DEPARTMENT OF CORRECTIONS,

    Respondent.

_____

        Submitted June 6, 2017 — Decided September 1, 2017

        Before Judges Fisher and Leone.

        On appeal from the New Jersey Department of
        Corrections.

        Kimberly Green, appellant pro se.

        Christopher S. Porrino, Attorney General,
        attorney for respondent (Lisa A. Puglisi,
        Assistant Attorney General, of counsel; Randy
        Miller, Deputy Attorney General, on the
        brief).

PER CURIAM

    Inmate Kimberly Green appeals the January 19, 2016 denial of

community release by respondent New Jersey Department of

Corrections (DOC). We affirm.

Green was sentenced to twelve years in prison for vehicular homicide pursuant to N.J.S.A. 2C:11-5 and two assault by auto offenses pursuant to N.J.S.A. 2C:12-1(c).

Green was serving her sentence at the Edna Mahan Correctional Facility (EMCF). On August 20, 2015, she was transferred to Bo Robinson Assessment and Treatment Center for the Residential Community Release Program (RCRP). A week later, she was administratively returned to EMCF at the request of the Office of Community Programs (OCP). On December 8, 2015, she again applied for the RCRP. On December 30, 2015, her application was approved by the Institutional Classification Committee (ICC), contingent upon her meeting the eligibility requirements. She was transferred to Bo Robinson again. On January 19, 2016, however, she was again administratively returned to EMCF, as community release was again denied by OCP. A week later, the Director of OCP wrote Green's lawyer that Green had been informed of her denial for community release "based on professional reports."

In June 2016, we granted DOC's motion to remand, and returned jurisdiction. DOC attached "the final agency decision," namely a July 5, 2016 letter from the Director to Green. Referencing inquiries by Green's attorney, and the January 27, 2016 letter the Director wrote that Green had been returned from RCRP "for further

evaluation by this office, pursuant to [N.J.A.C.] 10A:20-4.12," stating:

> After a review of numerous factors which included the present offense; pre-sentence investigations; participation in relevant programming; psychological and psychiatric evaluation; and other professional and administrative reports, you were denied participation by the Residential Community Program Notification Committee.

The Director said Green could reapply for participation in the RCRP.

Green argues the following on appeal:

> Point I - Green's approval for Community Release, administrative move back to EMCF, and ultimate denial of community release was arbitrary, capricious and unreasonable and should be reversed.
>
> Point II - Appellant's Due Process Rights were violated per [N.J.S.A.] 30:4-91.8 and Title 10A, Chapter 20, subchapter 4 of the Administrative Code when returning Green from Bo Robinson and without giving sufficient or proper notification of her denial of community release.

## II.

"Appellate courts have 'a limited role' in the review of [DOC] decisions."  In re Stallworth, 208 N.J. 182, 194 (2011) (quoting Henry v. Rahway State Prison, 81 N.J. 571, 579 (1980)). "An appellate court affords a 'strong presumption of reasonableness' to an administrative agency's exercise of its

statutorily delegated responsibilities." Lavezzi v. State, 219 N.J. 163, 171 (2014) (citation omitted). "In order to reverse an agency's judgment, an appellate court must find the agency's decision to be 'arbitrary, capricious, or unreasonable, or . . . not supported by substantial credible evidence in the record as a whole.'" Stallworth, supra, 208 N.J. at 194 (quoting Henry, supra, 81 N.J. at 579-80). We must hew to that standard of review.

III.

Green argues DOC violated N.J.S.A. 30:4-91.8 and N.J.A.C. 10A:20-4.8(d). Neither the statute nor the regulation provides her with relief.

Pursuant to N.J.S.A. 30:4-91.8(a) and (b)(2), if an inmate convicted of vehicular homicide or other specified crimes "is subject to a review by an Institutional Classification Committee which may result in participation in any residential community release program, the Department of Corrections shall provide written notice of that review" to the prosecuting agency, and that agency and "the victim or the victim's nearest relative" may submit comments which the DOC must consider. This statute does not give any rights to inmates, let alone require any particular disclosure by DOC to the inmate.

N.J.A.C. 10A:20-4.8(d) provides: "If the inmate does not meet the eligibility criteria, the inmate shall be notified of the

reason(s), in writing, by the Institutional Community Release Program Coordinator."  However, Green and DOC agree she met the criteria for community release.[1]

In her reply brief, Green cites N.J.A.C. 10A:20-4.42(b), which provides: "In cases when an inmate is being returned [from a residential community program] to the correctional facility for administrative reasons, the director or designee shall prepare a report using Form CA:44.2b Disciplinary/Administrative Discharge Summary, which indicates the reasons(s) for the return."  However, N.J.A.C. 10A:20-4.42(c) provides:

> A copy of the report shall be given to the custody staff member(s) who is transporting the inmate, and a copy shall be faxed as soon as possible to the Office of Community Programs.  The report shall include the following information:
>
> 1.    The detailed reasons for the return of the inmate; and
>
> 2.    A summary of the inmate's overall attitude and adjustment while in the residential community program.

---

[1] Even if an inmate meets such criteria, community release may be denied.  "If the inmate meets the eligibility criteria," the application may still be submitted "to the [ICC] for review and approval or disapproval."  N.J.A.C. 10A:20-4.8(e).  Moreover, inmates sentenced to state correctional institutions "may be reviewed for eligibility by the Director" of OCP and "may be approved or disapproved by the Institutional Classification Reception Committee."  N.J.A.C. 10A:20-4.8(f).

Nothing in N.J.A.C. 10A:20-4.42 or Form CA:44.2b indicates that a copy of this report, and the reasons therein, is to be given to the inmate. Rather, it appears to be a transmittal document informing the receiving correctional institution why the inmate is being returned and how the inmate performed in the community program.

If N.J.A.C. 10A:20-4.42 requires that the inmate receive a copy of Form CA:44.2b and its reasons for return, we note this report was prepared for the August 27, 2015 return, but there is no indication that such a report was prepared following the January 19, 2016 return. Rather, Green was only given notice that community release was denied by OCP.

We need not rule on the sufficiency of this notice, that the denial was by OCP, or the January 27, 2016 notice that the denial was "based on professional reports." After our remand, the Director of OCP listed some of the "numerous factors" on which the OCP relied, including Green's "offense; pre-sentence investigations; participation in relevant programming; psychological and psychiatric investigation; and other professional and administrative reports." Each of those factors is encompassed by appropriate factors under N.J.A.C. 10A:9-3.3(a). See Smith v. N.J. Dep't of Corr., 346 N.J. Super. 24, 33 (App. Div. 2001).

A-2507-15T2

Green also claims her due process rights were violated. However, "'halfway house placement does not involve a liberty interest giving rise to due process rights.'" Shabazz v. N.J. Dep't of Corr., 385 N.J. Super. 117, 124 (App. Div. 2006) (citation omitted). Thus, Green "had no constitutionally protected liberty interest in remaining there." Ibid.

"A state may create a liberty interest protectable by the due process clause through its enactment of certain statutory or regulatory measures." White v. Fauver, 219 N.J. Super. 170, 179 (App. Div. 1987). "However, if the decision maker is not required to base its decision on objective and defined criteria, but instead can deny the requested relief for any constitutionally permissible reason or for no reason at all, the State has not created a constitutionally protected liberty interest." Ibid. Here, neither N.J.A.C. 10A:20-4.42(b) nor Form CA:44.2b requires that the Director base the decision to return an inmate on any objective or defined criteria.

Although the notice provided on remand did not state how the cited N.J.A.C. 10A:9-3.3 factors favored return, we cannot say the Director's decision was arbitrary, capricious, or unreasonable. "[A] reduction in custody status is a matter of privilege, not of right." Smith, supra, 346 N.J. Super. at 30.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

7

A-2507-15T2